IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BLAINE MAYFIELD,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>THOMAS CAREY, Warden, California State Prison - Solano,<br><br>　　　　　　Respondent. | No. 2:06-cv-00077-JKS<br><br>ORDER DISMISSING THE PETITION |

　　　　Petitioner William Blaine Mayfield, a state prisoner appearing *pro se*, filed a Petition for Relief Under 28 U.S.C. § 2254.  Mayfield is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano. Respondent has answered, and Mayfield has replied.

　　　　In his Petition, Mayfield challenges the denial of parole by the Board of Parole Hearings ("Board") in June 2003.  On March 22, 2005, Mayfield made another appearance before the Board, which again denied him parole.  After exhausting his state court remedies, Mayfield filed a new Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254 in this Court, *Mayfield v. Sisto*, Case No. 2:07-cv-00346-RHW ("*Mayfield II*").[1]  The record in *Mayfield II* shows that, on October 6, 2010, this Court entered judgment in favor of Mayfield, ordering the Board to find

---

[1] The Court takes judicial notice of the record in *Mayfield II*.  Fed. R. Evid. 201.

Mayfield suitable for parole within 30 days of the date of that decision, and to set a parole release date in accordance with California law.[2]

Federal courts lack jurisdiction to consider moot claims.[3]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[4]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[5]  In *Mayfield II*, this Court effectively granted Mayfield the relief that this Court could grant if it were to rule in favor of Mayfield on the merits.  Therefore, this matter is moot.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, as moot.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[6]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[7]

---

[2] *Mayfield II*, Docket No. 17.

[3] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[4] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[5] *Serena v. Mock,* 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008)).

[6] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[7] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court is to enter final judgment accordingly.

Dated: November 5, 2010.

                                                /s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge